[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence April 6, 1990 Date of Application April 6, 1990 Date Application Filed April 6, 1990 Date of Decision October 26, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury, Docket No. CR89-161659.
Theresa M. Dalton, Esq., Assistant Public Defender, for Petitioner.
John A. Connelly, Esq., State's Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner was given a 60-year sentence following his jury trial at which he was found guilty of murder in violation of Connecticut General Statutes 53a-54a.
On February 25, 1988, the Waterbury police responded to a complaint of shots being fired on Cossett Street. When police arrived at 31 Cossett Street, they were met by a male with a gunshot wound to the shoulder. Another victim was found at 24 Cossett Street, who suffered multiple gunshot wounds from which he subsequently died at St. Mary's Hospital. The first victim reported to police he had left his girlfriend's house at 31 Cossett Street and went across the street to visit his friend, the decedent. He was confronted by a black male who asked him if he was a police officer, and as the door was opened by his friend's girlfriend, the black male pushed his way into the apartment followed by the friend from across the street. A conversation ensued between the black male and the victim in the livingroom while the friend went to the kitchen. Upon returning to the CT Page 9468 livingroom, the black male turned and shot the first victim in the left shoulder. The offender then shot the second victim in the head. He was subsequently apprehended on January 6, 1989.
The petitioner has an extensive record in California and was a fugitive from justice from that state at the time of this offense. He uses eight different aliases and has managed to elude authorities despite four arrests while on parole relative to a stabbing of a fellow inmate with a shank outside a courtroom in California. He absconded from parole January 8, 1987.
Petitioner's counsel urges the division to focus on her client's disturbed childhood. He had been isolated as a juvenile, and his sister said he was in need of counseling he never received. Despite his history of violence, he has been respectful of the court and authority although only his negative behavior was emphasized in the presentence report according to counsel. Petitioner has a young son and is wanted by the authorities in Mississippi and California; he would like to secure a reduction in sentence to allow him to resolve those matters and get on with his rehabilitation.
The state's attorney avers that the case and the petitioner are deserving of the maximum sentence, and he urges the division allow it to stand as pronounced by the sentencing judge.
Petitioner spoke on his own behalf and said he has a young son he can't see, that his family resides in California, and that he is not a menace to society.
We note and agree with the sentencing court's conclusion that the petitioner "is without hope of any form of rehabilitative services" and that he is indeed "a menace to society" in need of isolation. The court also said, "His entire life from 1978 until 1990, twelve years, shows nothing except total disregard to other people and total disregard for the limit set by society, on which we should all live."
We conclude that the trial court gave due consideration to the factors set forth in P.B. 942 and that the sentence given was fair and proportionate, particularly in light of petitioner's prior criminal record and his manifest propensity for violence.
The sentence is affirmed. CT Page 9469
Stanley, J.
Purtill, J.
Klaczak, J.